IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         No. CR 09-1034 JB

LEROY PEREA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendant's Motion for a Bill of Particulars, filed December 18, 2009 (Doc. 25). The Court held a hearing on February 12, 2010. The primary issue is whether Defendant Leroy Perea has established that a bill of particulars is necessary to inform him of the charge against him with sufficient precision to enable him to prepare his defense. Perea argues that the Court should direct the United States to submit a bill of particulars detailing how it determined that the federal officer whom Defendant Leroy Perea allegedly assaulted was engaged in official duties at the time of the alleged assault. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court finds that Perea has already been provided sufficient information to adequately prepare his defense. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996). It is not a discovery device. See United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). At the hearing, Richard Winterbottom, Perea's attorney, argued that, because the federal officer whom Perea allegedly assaulted refuses to speak with Mr. Winterbottom, he does not know how the federal

officer was engaged in official duties at the time of the assault. See Transcript of Hearing at 5:10-18 (Winterbottom)("Tr.").[1] The United States argued in its brief and at the hearing that the federal officer is considered always on-duty and receives availability pay for that reason. See United States' Response to Defendant's Motion for Bill of Particulars (Doc. 25), filed December 29, 2009 (Doc. 26). Assistant United States Attorney Jack Burkhead explained that, at the time of the alleged assault, the federal officer was driving home from an undercover surveillance operation. See Tr. at 12:1-4 (Burkhead). Mr. Burkhead gave an explanation of the operation in which the federal officer had been engaged, and asserted that the United States has provided all of the information to Perea during discovery. The Court asked Mr. Winterbottom if the information satisfied his needs, and Mr. Winterbottom stated that it had. See Tr. at 16:23-17:2 (Court, Winterbottom). Because the Court believes that Perea has sufficient information to prepare his defense, the Court will not exercise its discretion to require the United States to prepare and produce a bill of particulars. See United States v. Kunzeman, 54 F.3d 1522, 1526 (10th Cir. 1995)(noting that the decision to grant a motion for a bill of particulars is reviewed for an abuse of discretion).

**IT IS ORDERED** that the Defendant's Motion for a Bill of Particulars is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Jack E. Burkhead
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Richard A. Winterbottom
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*