## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                          No. CR 09-1034 JB

LEROY PEREA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Objections to the Court's First Proposed Preliminary Instructions, filed April 5, 2010 (Doc. 48).  The Court held a hearing on the United States' objection on April 7, 2010.  The primary issue is whether the Court should amend the preliminary jury instructions to reflect in the enumeration of the elements of the offense in question the six proscribed acts in 18 U.S.C. § 111 -- forcibly assaults, resists, opposes, impedes, intimidates, or interferes.  See 18 U.S.C. § 111(a)(1).  In the Court's proposed preliminary instructions, the Court narrowed the list of acts in § 111(a)(1) to two of the six: forcibly assaulted or intimidated.  See Court's First Proposed Preliminary Instructions, filed April 5, 2010 (Doc. 47). The United States argues that it anticipates that the evidence it will present will support a reasonable jury concluding unanimously that Defendant Leroy Perea committed each of the six proscribed acts in 18 U.S.C. § 111(a)(1), and therefore all six proscribed acts should be included.  See Objections at 1-2.  Perea, in response, objects to including the language "resisted, opposed, impeded, intimidated, or interfered with" in the elements instruction, although he agrees that the word "assaulted" should be included.  Defendant's Objections to the Government's Jury Instructions and his Response to the Government's Objection to the Court's Preliminary Instruction, filed

April 6, 2010 (Doc. 50).

For the reasons stated on the record and for further reasons consistent with those already stated, the Court will overrule the United States' objection to the preliminary instructions. The Tenth Circuit Criminal Pattern Jury Instructions for Assaulting a Federal Officer in violation of 18 U.S.C. § 111 provides the elements of the offense, stating:

> *First*: the defendant forcibly [assaulted] [resisted] [opposed] [impeded] [intimidated] or [interfered with] [the person described in the indictment];
>
> *Second*: the person [assaulted] [resisted] [opposed] [impeded] [intimidated] or [interfered with] a federal officer who was then engaged in the performance of his official duty, as charged; and
>
> *Third:* the defendant did such act[s] intentionally.
>
> [*Fourth*: in doing such acts, the defendant [used a deadly or dangerous weapon] [inflicted bodily injury]].

10th Cir. Crim. Pattern Jury Instr. 2.09, at 86 (2005). Brackets in the pattern criminal instructions "indicate optional material, or material that needs to be adapted to a given case." 10th Cir. Crim. Pattern Jury Instr. Introductory Note, at vii. Jury instructions should state the governing law and provide the jury with an intelligent, meaningful understanding of the applicable issues and standards. See United States v. LaVallee, 439 F.3d 670, 684 (10th Cir. 2006).

The parties agree that the evidence at trial will show how, while the vehicles of Immigrations and Customs Enforcement Special Agent Sonny Garcia and Perea were stopped alongside each other at the stoplight at Eagle Ranch Road and Paradise Boulevard in Albuquerque, New Mexico, Perea unrolled his window, and shouted at Garcia, accusing him of cutting Perea off on the road. Perea then placed a firearm in his lap. See Defendant's Objections at 2; United States' Objections at 2. Garcia identified himself as a federal agent, showed his badge, and drew his weapon. See United States' Objections at 2. The United States contends that the evidence will also show that Perea

responded that he did not care who Garcia was, and threatened to kill him.  <u>See</u> United States'
Objections at 2.  The evidence will then show that Perea drove away and Garcia followed him.
<u>See</u> United States' Objections at 2; Defendant's Objections at 2.

The United States has previously explained to the Court and Perea that the assault in
violation of 18 U.S.C. § 111 occurred in that interaction between Garcia and Perea at the stoplight.
<u>See</u> Transcript of Hearing at 16:19-17:2 (taken February 12, 2010)("COURT: And I asked Mr.
Winterbottom this question.  Do you agree that you're going to take the position the assault occurred
at the stoplight when Mr. Perea put the gun in his lap?  That's the assault?  MR. BURKHEAD:
That's the assault.  COURT: It's not later down the road or anything? MR. BURKHEAD: What
happens down the road is relevant to the case, but the actual assault occurred at the intersection.").
Given the United States' representations to the Court in its briefing and in oral argument, the Court
does not believe that any rational jury could find that Perea's actions at the intersection could be
viewed as resisting, opposing, impeding, or interfering with Garcia while he was engaged in the
performance of his official duties.  <u>See</u> 18 U.S.C. § 111(a).  Moreover, it is the Court's duty to
provide the jury with an intelligent, meaningful understanding of the applicable issues and standards,
and not to confuse them.  <u>See</u> <u>United States v. Fredette</u>, 315 F.3d 1235, 1240-41 (10th Cir. 2003)
("The instructions as a whole need not be flawless, but we must be satisfied that, upon hearing the
instructions, the jury understood the issues to be resolved and its duty to resolve them.").  The Court
finds that including the full statutory language, with the six enumerated acts in
18 U.S.C. § 111(a)(1), in the preliminary instruction, when the Court has reservations that the United
States' evidence will be sufficient for any rational jury to find that Perea "resisted, opposed,
impeded, or interfered with" Garcia's official duties, has a high potential for confusing the jury, and
therefore the Court will not include all six acts in its preliminary instruction.  <u>See</u> <u>Draeger v. Grand</u>

-3-

Central, Inc., 504 F.2d 142, 144 (10th Cir. 1974)(reading statute in instructing jury "has been considered in some instances to be erroneous")(citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2556, n.1 (1971)).  The Court will reconsider including some or all of the other enumerated acts in § 111(a)(1), which the Tenth Circuit considers optional in instructing a jury on 18 U.S.C. § 111, in the final jury instructions after it has heard the United States' evidence.  At this stage, however, it will limit its preliminary instructions to the two enumerated acts that seem most probable to be supported by the evidence, given the representations to date.

**IT IS ORDERED** that the United States' Objections to the Court's First Proposed Preliminary Instructions are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
   United States Attorney
Jack E. Burkhead
Shana B. Pennington
   Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Richard A. Winterbottom
   Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*

-4-