# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 09-1034 JB

LEROY PEREA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Order to Release Pending Sentence or Appeal, filed April 23, 2010 (Doc. 80). The Court held a hearing on May 13, 2010. The primary issues are: (i) whether 18 U.S.C. § 111(b) constitutes a crime of violence under 18 U.S.C. § 3156(a)(4); and (ii) if § 111 is a crime of violence, whether Perea has satisfied the two-prong requirement for release pending sentencing or appeal set forth in 18 U.S.C. § 3143. Because the Court finds that § 111(b) constitutes a crime of violence under § 3156(a)(4), and thus the requirements of § 3143 are applicable to Perea's motion for release pending sentencing or appeal, and because the Court finds that Perea cannot satisfy either of the two requirements necessary to exempt him from mandatory detention set forth in § 3143 -- either the Court finding a substantial likelihood that a motion for acquittal or new trial will be granted or that the United States has recommended that no sentence of imprisonment will be imposed on Perea -- the Court will deny his motion.

## PROCEDURAL BACKGROUND

On April 22, 2009, the grand jury issued an Indictment charging:

On or about June 20, 2007, in Bernalillo County, in the District of New Mexico, the defendant, Leroy Perea, forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with an officer or employee of the United States, Immigration and Customs Enforcement Special Agent Sonny Garcia, with a deadly and dangerous weapon, a Smith and Wesson A945 pistol, serial number TZD-5725, while such person was engaged in or on account of the performance of official duties.

Indictment, filed April 22, 2009 (Doc. 2). The Court held a jury trial on April 7, 2010 through April 9, 2010. On April 9, 2010, the jury returned with a verdict of guilty of the charge of "forcibly assaulting or forcibly intimidating a federal officer with a deadly or dangerous weapon." Verdict, filed April 9, 2010 (Doc. 71).

1.      **Detention After the Verdict.**

Upon receiving the verdict, the United States moved for Perea to be immediately remanded into the custody of the United States Marshals pursuant to 18 U.S.C. § 3143(a)(2). See Transcript of Trial at 215:3-6 (taken April 9, 2010)("Apr. 9 Tr.")(Pennington).[1] Assistant United States Attorney Shana Pennington represented to the Court that Perea had been convicted of a crime of violence, and that the only reason to not commit Perea to the immediate custody of the Marshals was if the Court found that a motion for new trial was likely to be granted, for which Ms. Pennington suggested there was no basis, or if the United States would not be recommending a period of incarceration, and Ms. Pennington represented the United States would be seeking incarceration in this case. See Apr. 9 Tr. at 215:6-17 (Pennington). Perea's trial attorney, Richard Winterbottom, responded that Ms. Pennington had correctly stated the law, but he argued that there was a likelihood of a new trial, as he continued to believe that a physical touching was required for conviction under § 111. See Apr. 9 Tr. at 216:1-15 (Winterbottom). The

_____

[1] The Court's citations to the transcripts of the trial and hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

-2-

Court found by clear-and-convincing evidence that Perea was not likely to flee or pose a danger to any other person or the community, given his performance on pretrial release, but because the United States was recommending imprisonment and because the Court did not believe at the close of trial that there was a substantial likelihood that a motion for new trial would be granted, the Court remanded Perea into the custody of the United States Marshals.  See Apr. 9 Tr. at 217:17-218:8 (Court).

     2.    **Arguments in the Briefs on Motion for Order to Release Pending Sentence or Appeal.**

In his motion for an order to release pending sentencing or appeal, Perea argues that under 18 U.S.C. § 3143(b), the Court may order his release if convinced by clear-and-convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or of the community. See Motion ¶ 4, at 1-2.  Perea argues that he has no prior criminal history, apart from an unadjudicated offense over a decade ago, and that he poses little flight risk nor risk to the community.  See Motion ¶ 5, at 2.  He contends that he never touched Garcia, and did nothing more than place a gun in his lap in case his confrontation with Garcia escalated.  See Motion ¶ 12, at 4. Perea also argues that probation is a foreseeable sentence, because his conviction should not be construed as aggravated assault under U.S.S.G. § 2A2.2, for he intended to frighten Garcia, not injure him.  See Motion ¶¶ 18-21.

In response, the United States argues that the Court must order the continued detention of Perea.  See United States' Response to Defendant's Motion for Order to Release Pending Sentence or Appeal, filed May 7, 2010 (Doc. 83).  The United States argues that § 111 constitutes a crime of violence, because it has as an element the threatened use of physical force -- forcibly assaulted or forcibly intimidated.  See Response at 3.  The United States argues that the instructed definition of

forcible assault shows that threatened use of physical force is an element of the crime:

> The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured.

Response at 3 (quoting Tenth Cir. Crim. Pattern Jury Instr. 2.09, at 86 (Sept. 2005)). The United States further contends that inherent in the lay definition of forcible intimidation is the threatened use of physical force against the person or property of another. See Response at 4. If the Court finds that § 111 is a crime of violence, as the United States argues it should, it further argues that continued detention is required under § 3143(a)(2)(A). In response to Perea's argument that his guideline sentence could make him eligible for probation, the United States points out that the § 3143 analysis does not depend on the advisory guideline sentence, but rather on the United States' intent to request incarceration. See Response at 8 n.2. The United States represents that it will recommend incarceration of Perea. The United States also argues that there is not a substantial likelihood that the Court will grant a motion for a new trial, as the Court "carefully and meticulously presided over the two-and-one-half day proceedings in this case, and made well-reasoned evidentiary rulings throughout." Response at 9. The United States further contends that, even if the Court finds there is a substantial likelihood that it will grant Perea's motion for a new trial, the Court must also find by clear and convincing evidence that Perea is not likely to flee or pose a danger to the community. See Response at 9 (citing § 3143(a)(2)(B)). The United States argues that Perea's arrest history, which includes: (i) an arrest in 1988 for aggravated assault and aggravated battery; (ii) an arrest in 1988 for DWI and disorderly conduct: (iii) DWI arrests in 1991 and 1992; (iv) a disorderly conduct arrest in 1994; (v) an arrest for battery, child abuse, interfering with a peace officer, and disorderly conduct in 1996; and (vi) an arrest for driving on a suspended license in 1999,

demonstrate that Perea poses a threat to the community.  See Response at 10.

In reply, Perea argues that forcible intimidation, undefined, does not inherently require a substantial probability of destructive or violent force.  See Reply to Response to Motion for Order to Release Pending Sentence or Appeal ¶ 3, at 2.  Perea argues that "the record of deliberations suggests that the jury, unable to agree on whether defendant forcibly assaulted the officer, finally settled upon the lesser alternative of forcibly intimidating him."  Reply ¶ 2, at 1-2.  Perea further argues that, even if the Court finds that § 111 is a crime of violence, the motion for new trial may still be granted.  See Reply ¶ 15, at 7.

        3.      **Arguments at the Hearing.**

At the hearing, Perea's current attorney, Stephen Aarons, argued that, because it is not clear what forcibly intimidate means, § 111 is not a crime of violence.  See Transcript of Hearing at 29:9-18 (taken May 13, 2010)(Aarons)("May 13 Tr.").  Mr. Aarons conceded that he believes that forcible assault is a crime of violence, but does not believe that forcible intimidation is always a crime of violence, and because it is unknown on which of the theories the jury convicted, the Court should find it is not a crime of violence.  See id. at 31:22-32:16 (Aarons, Court).  Mr. Aarons argued that intimidation is not the destructive or violent-natured offense necessary to constitute a crime of violence.  See id. at 34:12-14 (Aarons).  Mr. Aarons argued that, even if the Court finds that § 111 is a crime of violence, and absent a presentence investigation report, he anticipates that the Court could sentence Perea to probation.  See May 13 Tr. at 34:23-35:5 (Aarons).

Assistant United States Attorney Jack Burkhead responded first by pointing out that the definition of crime of violence that the Court should be using is codified at 18 U.S.C. § 3156(a)(4), but he noted that the language is almost identical to 18 U.S.C. § 16, and therefore the cases discussing § 16 may be helpful to the Court.  See May 13 Tr. at 35:20-36:13 (Burkhead).

Mr. Burkhead stated that he believes the language used in § 16(a) or § 16(b) would apply to finding § 111 is a crime of violence. See May 13 Tr. at 36:18-19 (Burkhead). Mr. Burkhead argued that one would be hard-pressed to come to any conclusion other than that § 111 involves a substantial risk that physical force will be used. See May 13 Tr. at 36:19-37:3 (Burkhead). He argued that the purpose behind brandishing a firearm is to make someone fear that it will be used, which presents a substantial risk of physical force. See id. at 37:25-38:8 (Burkhead). Mr. Burkhead represented that the United States will be recommending a period of incarceration and argued that whether probation is available is not the standard under § 3143, but rather the standard is whether the United States is going to recommend incarceration. See May 13 Tr. at 40:8-24 (Burkhead). Mr. Burkhead conceded that he knows of no past criminal convictions for Perea but stressed that Perea's arrest history suggests that he is a danger to the community. See May 13 Tr. at 41:6-16 (Burkhead).

Mr. Aarons responded that putting a gun in a lap so that another sees it, but not pointing it at someone, is not a threatened use of physical force. See May 13 Tr. at 42:10-20 (Aarons). The Court inquired whether Mr. Aarons could explain a scenario in which using a deadly weapon to intimidate someone would not constitute a threatened use of physical force. See May 13 Tr. at 42:21-25 (Court). Mr. Aarons responded that he could have a gun under his suit, get into an argument with someone, and display his gun to the person with whom he is arguing to get them to "back off," and that he does not believe that such action constitutes a threatened use of physical force. May 13 Tr. at 43:1-10 (Aarons). Mr. Aarons conceded that, if the gun were pointed at the officer, that would constitute a threatened use of physical force and may even be a substantial risk of physical force. See May 13 Tr. at 46:6-15 (Court, Aarons). The Court inquired whether Mr. Aarons believed that brandishing a gun without pointing it constituted a threat, and Mr. Aarons argued that he believes it is not because he does not believe there is a present ability to carry out a

threat without pointing the gun.  <u>See</u> May 13 Tr. at 51:15-18 (Court, Aarons).  The Court asked

Mr. Aarons whether a person holding a gun in the low-ready position could constitute a threat of

physical force, and he stated that the scenario depends on the circumstances, and whether there is

a present ability to effectuate the threat.  <u>See</u> May 13 Tr. at 49:16-52:22 (Court, Aarons).

<u>LAW REGARDING RELEASE OR DETENTION PENDING<br>SENTENCING OR APPEAL</u>

Section 3143 of Title 18 provides in relevant part:

**(a) Release or detention pending sentence.**

(1) Except as provided in paragraph (2), the judicial officer shall order that
a person who has been found guilty of an offense and who is awaiting
imposition or execution of sentence, other than a person for whom the
applicable guideline promulgated pursuant to 28 U.S.C. 994 does not
recommend a term of imprisonment, be detained, unless the judicial officer
finds by clear and convincing evidence that the person is not likely to flee or
pose a danger to the safety of any other person or the community if released
under section 3142(b) or (c).  If the judicial officer makes such a finding,
such judicial officer shall order the release of the person in accordance with
section 3142(b) or (c).

(2) The judicial officer shall order that a person who has been found guilty
of an offense in a case described in subparagraph (A), (B), or (C) of
subsection (f)(1) of section 3142 [a crime of violence] and is awaiting
imposition or execution of sentence be detained unless--

(A) (i) the judicial officer finds there is a substantial likelihood that
a motion for acquittal or new trial will be granted; or (ii) an attorney
for the Government has recommended that no sentence of
imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that
the person is not likely to flee or pose a danger to any other person or
the community.

**(b) Release or detention pending appeal by the defendant.**

(1) Except as provided in paragraph (2), the judicial officer shall order that
a person who has been found guilty of an offense and sentenced to a term of
imprisonment, and who has filed an appeal or a petition for a writ of

certiorari, be detained, unless the judicial officer finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [a crime of violence] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143. Section 3142(f)(1) of Title 18 provides, in relevant part:

> **(f) Detention hearing.** The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community--
>
> > (1) upon motion of the attorney for the Government, in a case that involves--
> >
> > (A) a crime of violence . . .

18 U.S.C. § 3142(f)(1)(A). "The provision applicable to a defendant found guilty of a crime of

violence and sentenced to a term of imprisonment states simply '[t]he judicial officer shall order that [the defendant] . . . be detained.'" United States v. Ingle, 454 F.3d 1082, 1084 (10th Cir. 2006) (quoting 18 U.S.C. § 3143(b)(2)).  The Bail Reform Act of 1984, 18 U.S.C. § 3141-3156, defines "crime of violence" as:

> (A) an offense that has [as] an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 109A, 110, or 117 . . . .

18 U.S.C. § 3156(a)(4).[2]  Once the court determines that the underlying offense is a crime of violence under § 3143(a)(2), a "presumption of detention [is imposed] unless certain conditions are met."  United States v. Wages, 271 Fed. Appx. 726, 727 (10th Cir. 2008).  Those conditions are set forth in the two-step inquiry in § 3143(a)(2) -- (i) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or the United States has recommended that no sentence of imprisonment be imposed; and (ii) the court finds by clear-and-convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community.  See United States v. Friday, 246 F.3d 683 (10th Cir. 2000).

1.      **Categorical Approach and § 3156(a)(4).**

The court uses a categorical approach to identify a crime of violence as defined in § 3156(a)(4).  See United States v. Ingle, 454 F.3d at 1084-85 (using the categorical approach to

---

[2] Perea, in his brief, cited the Court to 18 U.S.C. § 16, which defines "crime of violence" using the same language as 18 U.S.C. § 3156.  See United States v. Rogers, 371 F.3d 1225, 1230 (10th Cir. 2004)("Section 16(b), in turn, defines crime of violence identically to the definition of crime of violence set out in 18 U.S.C. § 3156(a)(4)(B).").

determine whether 18 U.S.C. § 922(g)(1) is a crime of violence under 18 U.S.C. § 3156(a)(4)(B));

United States v. Rogers, 371 F.3d 1225, 1228 n.5 (10th Cir. 2004)("Like the majority of the other

courts to consider this question [whether a crime is a crime of violence under § 3156(a)(4)], this

court concludes that the use of the term 'by its nature' in § 3156(a)(4)(B) mandates a categorical

approach to the determination of whether a given crime fits within § 3156(a)(4)(B)'s definition of

crime of violence.").  Under the categorical approach, the court looks

> only to the fact of conviction and the statutory definition of the prior offense, and
> do[es] not generally consider the particular facts disclosed by the record of
> conviction.  That is, [the court] consider[s] whether the elements of the offense are
> of the type that would justify its inclusion . . . [as a crime of violence], without
> inquiring into the specific conduct of this particular offender.

United States v. Serafin, 562 F.3d 1105, 1107-08 (10th Cir. 2009)(citing United States v. West,

550 F.3d 952, 957 (10th Cir. 2008)).  See United States v. Rogers, 371 F.3d 1228 n.5 (explaining

that "the possibility of force must result from the nature of the elements of the offense rather than

from the particular way that the defendant allegedly committed the crime."); United States v.

Verbickas, 75 Fed. Appx. 705, 707 (10th Cir. 2003)(stating that, when determining whether a crime

is a crime of violence, the court "consider[s] only the statutory elements of the offense and not the

evidence adduced at trial.")(citing United States v. Zamora, 222 F.3d 756, 764 (10th Cir. 2000));

United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993)(considering definition of "crime

of violence" under 18 U.S.C. § 16 identical to that under § 3156(a)(4)); United States v. Ingle, 454

F.3d at 1085 ("In other words, the court does not consider the particular circumstances surrounding

the defendant's alleged violation.").  In United States v. Verbickas, the United States Court of

Appeals for the Tenth Circuit analyzed whether the defendants' conviction under 18 U.S.C. § 242

for violating inmates' constitutional rights in a manner that resulted in bodily injury constituted a

crime of violence under § 3156(a)(4), and had "no trouble concluding that the offense defined by

§ 242 that includes the element of bodily injury involves a substantial risk that physical force will be used in the commission of the offense, and is therefore a 'crime of violence' under § 3156(a)(4)(B)." 75 Fed. Appx. at 707.  The Tenth Circuit rejected the defendants' argument "that not all scenarios that result in bodily injury include a risk of physical force," because the argument "violat[ed] the requirement that we examine the nature of the offense in the abstract, and not the theoretical possibilities of individual cases."  75 Fed. Appx. 705 at 707 (citing United States v. Zamora, 222 F.3d at 764-65).

In United States v. Rogers, 371 F.3d 1225, 1228 (10th Cir. 2004), the Tenth Circuit held that possession of a firearm by a defendant subject to a domestic protection order -- a violation of 18 U.S.C. § 922(g)(8) and (9) -- was a crime of violence.  Based on 18 U.S.C. § 3156(a)(4)(B)'s definition of a "crime of violence," which provides that a qualifying offense is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," the Tenth Circuit concluded that possession of a gun by an individual -- especially one having a history of or a propensity for physical violence -- greatly increased the ability of that individual to inflict harm on others.  See United States v. Rogers, 371 F.3d at 1228-29.  In explaining why a substantial risk of physical force arises in the course of committing the offense, the Tenth Circuit observed:

> If one uses a gun in an act of violence, that violence necessarily occurs during the possession of the gun.  Whether the person has possession of the gun only for a few seconds -- the seconds during which it is used for violent purposes -- or has possession for years, but uses it violently only for a few seconds, the violent use in either case necessarily occurs during -- or in the course of -- the possession.

Id. at 1230 (quoting United States v. Dillard, 214 F.3d 88, 93-94 (2d Cir. 2000)).  The Tenth Circuit found that it logically followed that "[i]f that possession is illegal because the possessor is a [prohibited person] who is forbidden from possessing a gun, the violent use will inevitably have

occurred in the course of the commission of the offense of illegal possession."  Id.

**2.      § 111 and Crime of Violence.**

In United States v. Kanahele, 951 F. Supp. 921 (D. Haw. 1995), the defendant was charged

with forcibly interfering with a deputy United States Marshal in the performance of his duties, in

violation of 18 U.S.C. § 111.  See 951 F. Supp. at 923.  The United States moved to detain the

defendant pursuant to 18 U.S.C. § 3142, and the magistrate judge granted a detention order.  The

defendant appealed the detention order, but did not argue that § 111 is not a crime of violence under

§ 3142(f)(1)(A).  Nevertheless, the Honorable Helen Gillmor, United States District Judge for the

District of Hawaii, addressed whether § 111 is a crime of violence under § 3142(f)(1)(A) and found

that the magistrate judge correctly ruled that the defendant was charged with a crime of violence

when he was charged under § 111.  Judge Gillmor found:

> Count II in the indictment involved the forcible obstruction of law enforcement
> officials in violation of 18 U.S.C. § 111. Section 111, entitled "Assaulting, resisting,
> or impeding certain officers or employees," is the first statute under Chapter 7 of
> Title 18, entitled "Assault."  Section 111 requires that the proscribed conduct be
> done "forcibly" and thus makes force an element of the offense in keeping with the
> definition of "crime of violence" under section 3156(a)(4).  Accordingly, the Court
> affirms Magistrate Judge Kurren's finding that Defendant is charged with a crime
> of violence under section 3142(f)(1)(A).

951 F. Supp. at 926.

In United States v. Juvenile Female, 566 F.3d 943 (9th Cir. 2009), the United States Court

of Appeals for the Ninth Circuit addressed whether § 111(b) is a crime of violence under 18 U.S.C.

§ 16.  The Ninth Circuit looked at both ways to commit § 111(b) -- with a deadly or dangerous

weapon or causing bodily injury -- and found that "the two variants on this crime will always

involve a substantial risk that physical force against the person may be used, even if physical force

is not an element of the offense."  566 F.3d at 948.

-12-

In <u>United States v. Cole</u>, 359 F.3d 420 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit noted that "[t]he use of force is integral" to a conviction under § 111 and thus found that § 111 met the definition of "crime of violence" under U.S.S.G. § 4B1.2(a).  359 F.3d at 428.  In <u>United States v. Delaney</u>, 214 Fed. Appx. 356 (4th Cir. 2007), the United States Court of Appeals for the Fourth Circuit found that the district court did not err when it enhanced the defendant's offense level at sentencing because it found that § 111 constituted a crime of violence under U.S.S.G. § 4B1.2.  The Fourth Circuit found: "Regarding the forcible assault charge, a conviction of 'forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with [a federal officer],' under § 111(a)(1), 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" U.S.S.G. § 4B1.2(a)." 214 Fed. Appx. at 359.  <u>See</u> <u>United States v. Burrell</u>, 145 Fed. Appx. 809, 810 (4th Cir. 2005)("We agree with the district court that a conviction of 'forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with [a federal officer],' under § 111(a)(1), 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'  U.S.S.G. § 4B1.2(a).  Accordingly, the district court did not err when it concluded that Burrell pleaded guilty to a crime of violence.").  On the other hand, in <u>United States v. Griego-Pulido</u>, 499 F. Supp. 2d 884 (W.D. Tx. 2007), the Honorable Philip R. Martinez, United States District Judge for the Western District of Texas, found that a violation of § 111 was not a crime of violence under U.S.S.G. § 2L1.2.  Judge Martinez noted that the United States did not contend that § 111 necessarily involves the use, attempted use, or threatened use of physical force against the person of another, and held that § 111 was not categorically a crime of violence because he could not determine whether the conviction involved an intentional use of force.  <u>See</u> 499 F. Supp. 2d at 887.  Judge Martinez' finding is unpersuasive, however, because it appears as if he did not treat § 111 as requiring "forcibly" or intent for each of

the six enumerated acts.  See 499 F. Supp. 2d at 886-87 ("As the Government concedes, one who 'intimidates' or 'interferes' with another person does not necessarily employ the use of such force [required to make an offense a crime of violence], and therefore a conviction under § 111 cannot categorically be considered a crime of violence.").  Moreover, the jury in Perea's trial was instructed that Perea must have intentionally forcibly assaulted or forcibly intimidated Garcia.[3]

### 3.    Meaning of Physical Force and the Risk of Physical Force.

In Johnson v. United States, 130 S. Ct. 1265 (2010), in discussing physical force in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"),[4] the Supreme Court of the United States stated: "The adjective 'physical' is clear in meaning . . . .

---

[3] The jury instruction on the elements of § 111(b) stated:

First: Mr. Perea forcibly assaulted or forcibly intimidated Sonny Garcia;

Second: Mr. Garcia was a federal officer who was then engaged in the performance of his official duty, as charged;

Third: Mr. Perea did such acts intentionally; and

Fourth: in doing such acts, Mr. Perea used a deadly or dangerous weapon.

Court's Final Jury Instructions, Instruction No. 7, at 9, filed April 9, 2010 (Doc. 69).

[4] § 924(e)(2)(B)(i) states:

[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that has as an element the use, attempted use, or threatened use of physical force against the person of another.

§ 924(e)(2)(B)(i).  The language "has as an element the use, attempted use, or threatened use of physical force against the person of another" is almost identical to the language in 18 U.S.C. § 3156(a)(4)(B), which states: "an offense that has [as] an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."

It plainly refers to force exerted by and through concrete bodies -- distinguishing physical force from, for example, intellectual force or emotional force."  130 S. Ct. at 1270.  The Supreme Court found that "the phrase 'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person."  130 S. Ct. 1271 (citing Flores v. Ashcroft, 350 F.3d 666, 672 (7th Cir. 2003)(Easterbrook, J.)).

Under 18 U.S.C. § 3156(a)(4)(B), the elements of a "crime of violence" are: (i) the offense must be a felony; (ii) the offense must involve a risk that physical force may be used against the person or property of another; (iii) that risk must result from the nature of the offense; (iv) the risk must be that the use of physical force would occur in the course of the offense; and (v) the risk must be substantial.  See United States v. Ingle, 454 F.3d at 1085.  In United States v. Rogers, the Tenth Circuit found that "possession of a firearm while subject to a domestic protection order and possession of a firearm following a misdemeanor conviction of domestic violence both involve a substantial risk, resulting from the nature of the offense, that physical force may be used against the person or property of another."  371 F.3d at 1228.  In United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993), the Tenth Circuit affirmed the district court's holding that attempted sexual abuse of a child is a crime of violence.  Even though the elements of the crime did not include the use of physical force, the Tenth Circuit held that, "because the crime involves a non-consensual act upon another person, there is a substantial risk that physical force may be used in the course of committing the offense."  13 F.3d at 1379.  In United States v. Reyes-Castro, the Tenth Circuit stated: "[I]t does not matter whether physical force is actually used.  Our scrutiny ends upon a finding that the risk of violence is present." 13 F.3d at 379.

In United States v. Zamora, 222 F.3d 756 (10th Cir. 2000), cert. denied, 531 U.S. 1043 (2000), the Tenth Circuit, in discussing whether a false imprisonment constituted a violent felony

under the ACCA, the Tenth Circuit stated: "Although it is possible to theorize situations where physical force would not be used during the commission of the crime, this is not the inquiry.  It is not necessary to show actual physical force; instead, it is enough to show that there is a substantial risk of physical injury."  222 F.3d at 764-65.

## ANALYSIS

> A defendant who has been found guilty of a crime of violence and who is awaiting imposition or execution of sentence is to be "detained unless . . . there is a substantial likelihood that a motion for acquittal or new trial will be granted; or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," and there is "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

United States v. Ingle, 454 F.3d 1082, 1084 (10th Cir. 2006)(quoting 18 U.S.C. § 3143(a)(2)).  At the close of his trial, upon the jury's return of a verdict finding that Perea was guilty of forcibly assaulting or forcibly intimidating a federal officer with a deadly or dangerous weapon, the Court remanded Perea into the custody of the United States Marshals.  Perea now moves the Court to release him pending his sentencing hearing, motion for new trial, or any appeal.

## I.   18 U.S.C. § 111(b) IS A CRIME OF VIOLENCE UNDER 18 U.S.C. § 3156(a)(4).

Section 3143(b)(2) states that the Court "shall order that a person who has been found guilty of [a crime of violence as defined in § 18 U.S.C. § 3156(a)(4)] and is awaiting imposition or execution of sentence be detained" unless certain conditions are met.  The threshold inquiry, therefore, is whether Perea was found guilty of a crime of violence.  A jury found Perea guilty of violating § 111(b) -- forcibly assaulting or forcibly intimidating a federal officer with a deadly or dangerous weapon.  A crime of violence, under § 3156(a)(4) is either: (i) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, § 3156(a)(4)(A); or (ii) any other offense that is a felony and that, by its

-16-

nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, § 3156(a)(4)(B).  Perea concedes that forcible assault constitutes a crime of violence.  See Reply ¶ 14, at 7 ("Yet again, defendant concedes that the crime of assaulting a federal officer is a crime of violence."); May 13 Tr. at 32:5 (Aarons). Because Perea rejected giving the jury a special verdict, which would have required the jury to identify under which theory -- forcible assault or forcible intimidation -- it found Perea guilty, the Court does not know under which theory the jury convicted Perea.  See Apr. 9 Tr. at 129:2-9 (Court, Winterbottom).  The Court, thus, must address whether forcibly intimidating a federal officer with a deadly or dangerous weapon constitutes a crime of violence under § 3156(a)(4).

The Court, in determining whether § 111(b) constitutes a crime of violence, uses the categorical approach, which looks only at the elements of the statutory offense without inquiring into Perea's specific conduct.  See United States v. Rogers, 371 F.3d at 1228.  Perea was convicted of the felony offense under § 111(b), and thus the Court may consider whether his conviction falls under the definition of crime of violence set forth in either § 3156(a)(4)(A) -- which does not require the offense to be a felony -- or § 3156(a)(4)(B) -- which requires the offense to be a felony.  The United States argues that the Court can find that the statute fits under both sections.

Under § 3156(a)(4)(A), an offense constitutes a crime of violence if the offense has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  The first element of § 111 is "the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the person described in the indictment."  In the Court's April 23, 2010 Memorandum Opinion and Order addressing Perea's objection to the jury instructions on the elements of § 111(b), the Court discussed in detail the statutory language of § 111(b) and the governing case law.  In particular, the Court discussed the term "forcibly" as used

in § 111.  The Tenth Circuit in <u>United States v. Disney</u>, 253 F.3d 1211 (10th Cir. 2001), found that "forcibly," as used in § 111, "should not be construed as excess verbiage" and "ought to limit the proscribed acts to fewer than would fit the definition of the unmodified verbs alone." 253 F.3d at 1214.  In <u>United States v. Disney</u>, the Tenth Circuit rejected the United States' argument that § 111 criminalizes threats made outside the presence of the individual who is the object of the threat and concluded that, "if the 'force' element of 18 U.S.C. § 111(a) is to be established by proof of threats rather than by proof of actual touching, the threat must have been of immediate harm." 253 F.3d at 1214 (citations omitted).  The Court found that force is a requirement for a conviction of § 111(b).  <u>See</u> Memorandum Opinion and Order at 27-28; <u>United States v. Arrington</u>, 309 F.3d 40, 44 (D.C. Cir. 2002)(stating that "the adverb 'forcibly' modifies each of the verbs it precedes, and not only 'assault'"); <u>United States v. Schrader</u>, 10 F.3d 1345, 1348 (8th Cir. 1993)(reversing a conviction under § 111 because the district court instructed the jury that non-forcible resisting, opposing, impeding, intimidating, or interfering violated § 111, and holding that "[f]orce is a necessary element of any § 111 violation.").  The Tenth Circuit in <u>United States v. Disney</u> held that the government may prove the "forcibly" element of "forcibly assault or intimidate" by proof of threats rather than by proof of actual touching, but that the defendant must have had the present ability to harm the federal officer at the time he made the threat against the officer.  <u>See</u> 253 F.3d at 1214-15.  <u>See also</u> <u>United States v. Street</u>, 66 F.3d 969, 977 (11th Cir. 1995)("The statute's force requirement therefore may be satisfied even if the defendant has no physical contact with the officer, as long as his conduct places the officer in fear of his life or safety."); <u>United States v. Schrader</u>, 10 F.3d 1345, 1348 (8th Cir. 1993)("Force is a necessary element of any § 111 violation.  However, that element may be satisfied by proof of actual physical contact, or by proof of 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or

death.")(quoting <u>United States v. Walker</u>, 835 F.2d 983, 987 (2d Cir. 1987)).

The case law addressing § 111 provides that the forcibly element of § 111 requires that a defendant must have had the present ability to harm the federal officer at the time he made the threat against the officer.  <u>See</u> <u>United States v. Disney</u>, 252 F.3d at 1214-15.  The Court finds that § 111's force requirement is in line with the definition of crime of violence in § 3156(a)(4).  To be convicted of § 111(b), a defendant must forcibly do one of the six prescribed acts.  In <u>United States v. Herron</u>, 432 F.3d 1127 (10th Cir. 2005), the Tenth Circuit found that knowingly placing someone in fear by the use of a deadly weapon "certainly constitutes threatening someone," and found that Colorado's menacing statute, which proscribes knowingly placing or attempting to place another person in fear of imminent serious bodily injury by the use of a deadly weapon, "easily satisfies the requirement of [t]he threatened use of physical force against the person of another[.]" 432 F.3d at 1138. Similarly, the Court finds that using a deadly or dangerous weapon to forcibly assault or forcibly intimidate -- in other words, "to inspire fear of pain, bodily harm, or death," <u>United States v. Schrader</u>, 10 F.3d at 1348 -- satisfies the requirement of § 3156(a)(4)(A) that the statute involves the use, attempted use, or threatened use of physical force against the person or property of another.  <u>See</u> <u>United States v. Kanahele</u>, 951 F. Supp. at 923 (holding that § 111 constitutes a crime of violence under § 3156(a)(4)); <u>United States v. Juvenile Female</u>, 566 F.3d at 948 (holding that a defendant charged with § 111(b) "must have always 'threatened [the] use of physical force,' 18 U.S.C. § 16(a)" and thus finding § 111(b) constitutes a crime of violence under § 16(a)).  The threatened use of physical force is strengthened in § 111(b) because the defendant must intentionally use the deadly or dangerous weapon -- intentionally displaying it while forcibly acting in one of the six ways § 111 proscribes.  The Court also finds persuasive the Ninth Circuit's holding in <u>Reyes-Alcaraz v. Ashcroft</u>, which analyzed whether a conviction under California Penal

-19-

Code § 417.8 providing that "[e]very person who draws or exhibits any firearm, whether loaded or unloaded, or other deadly weapon, with the intent to resist or prevent the arrest or detention of himself or another by a peace officer shall be imprisoned in the state prison for two, three, or four years," was a crime of violence under 18 U.S.C. § 16(a) and held that it was a crime of violence because it had as an element the use, attempted use, or threatened use of physical force against the person or property of another.  Similarly, pulling a weapon out and displaying it while forcibly intimidating a federal officer constitutes a threatened use of physical force against the person or property of another.  The Court, therefore, finds that § 111(b) constitutes a crime of violence under § 3156(a)(4)(A).

Moreover, because a conviction under § 111(b) is a felony, 18 U.S.C. § 3156(a)(4)(B) may also be used to find § 111(b) constitutes a crime of violence.  Under 18 U.S.C. § 3156(a)(4)(B), the elements of a "crime of violence" are: (i) the offense must be a felony; (ii) the offense must involve a risk that physical force may be used against the person or property of another; (iii) that risk must result from the nature of the offense; (iv) the risk must be that the use of physical force would occur in the course of the offense; and (v) the risk must be substantial.  See United States v. Ingle, 454 F.3d at 1085.  In United States v. Rogers, the Tenth Circuit concluded that possession of a firearm while subject to a domestic protection order and possession of a firearm following a misdemeanor conviction of domestic violence both involved a risk that physical force may be used against the person or property of another.[5]  The Tenth Circuit stated: "It [is] undeniable that

_____

[5] The statutes at issue in United States v. Rogers were 18 U.S.C. § 922(g)(8) and (g)(9), which state:

(g) It shall be unlawful for any person --

* * * *

-20-

possession of a gun gives rise to some risk that the gun may be used in an act of violence . . . Possession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence."  371 F.3d at 1228 (citing <u>United States v. Dillard</u>, 214 F.3d at 93).  The Tenth Circuit found that, unlike felon-in-possession offenses -- which the Tenth Circuit has recognized may not satisfy the § 3156(a)(4)(B) definition of a crime of violence because the risk posed is not necessarily substantial -- §§ 922(g)(8) and (9) proscribe conduct "necessarily involv[ing] actual violence or credible threats of violence," and therefore all the definitional requirements for a crime of violence were satisfied. 371 F.3d at 1230-31.  The Court believes that § 111(b) -- forcibly intimidating a federal officer with a deadly or dangerous weapon -- poses a

---

(8) who is subject to a court order that --

    (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

    (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

    (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

    (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(8) and (g)(9).

similar substantial risk of physical force.  The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury, and for such a weapon to be used, the United States must prove "that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the federal officer."  Tenth Cir. Pattern Jury Instr. 2.09, at 86-87 (2005).  Because § 111(b) requires not only possession of a deadly or dangerous weapon, but use of that weapon in the forcible assault or forcible intimidation of another, the Court finds that there is a substantial risk the use of physical force would occur in the course of committing forcible assault or forcible intimidation with a deadly weapon.  The Court, therefore, also believes that § 111(b) constitutes a crime of violence under § 3156(a)(4)(B).

In sum, the Court has difficulty coming up with any scenario in which a defendant could forcibly intimidate a federal officer with a deadly weapon and not commit a violent crime.   It is difficult, if not impossible, to think of a situation where a defendant forcibly intimidates a federal officer with a deadly weapon, and the situation not involve a "substantial risk that physical force against the person or property of another may be used." § 3156(a)(4)(B).  Mr. Aarons suggested that just pulling a jacket back to show a gun may not present a substantial risk that physical force may be used, but the Court disagrees; if the jury finds the defendant was trying to intimidate a person by forcibly showing a gun, the jury must also find that the defendant "not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly . . . intimidating . . . the federal officer."  Tenth Cir. Pattern Jury Instr. 2.09, at 86-87.  There is thus a substantial risk that physical force may be used against the federal officer.  While Mr. Aarons suggested that the gun must be pointed, or at least in the low-ready position, the Court does not believe that the position of the gun reduces the risk that physical force may be used against the federal officer.  In sum, the

Court has problems -- as have other courts -- thinking of a situation where a gun is forcibly displayed in an intimidating manner where there is not a substantial risk of physical force.  Finally, the Court cannot think of a statute where the intentional display of a deadly weapon in an intimidating manner would not be the "threatened use" of physical force.  Whether the gun is pointed or just shown in an intimidating manner, the display of a firearm in an intimidating way is a "threatened use" of physical force.  Thus, the Court concludes that "forcibly intimidating" satisfies both § 3156(a)(4)(A) and § 3156(a)(4)(B).

## II.   PEREA MUST REMAIN DETAINED BECAUSE THE COURT WILL NOT GRANT A NEW TRIAL AND THE UNITED STATES INTENDS TO SEEK A SENTENCE OF IMPRISONMENT.

Once the Court has determined that the underlying offense is a crime of violence under § 3143(a)(2), a "presumption of detention [is imposed] unless certain conditions are met." United States v. Wages, 271 Fed. Appx. 726, 727 (10th Cir. 2008).  Those conditions are set forth in the two-step inquiry in § 3143(a)(2) -- (i) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or the United States has recommended that no sentence of imprisonment be imposed; and (ii) the court finds by clear-and-convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community. See United States v. Friday, 246 F.3d 683 (10th Cir. 2000).

The Court has listened to the recording of Perea's May 7, 2009 initial appearance and arraignment before the Honorable Don J. Svet, United States Magistrate Judge, and reviewed the arguments regarding Perea's arrest history set forth in the United States' response to the motion. While the Court has some concerns about Perea's past arrests, as Judge Svet also expressed in

Perea's initial appearance,[6] Perea's last arrest, before this case, was over eleven years ago. Moreover, Perea was released on his own recognizance pre-trial, a recommendation and decision with which the United States concurred at Perea's initial appearance, and Perea performed well, with no incidents with appearance or behavior.  The Court, therefore, finds by clear-and-convincing evidence that he is not likely to flee and is not likely to pose a danger to the community if released before he is sentenced.

The Court, however, in accordance with § 3143(a)(2), must also find either (i) there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) the United States has recommended that no sentence of imprisonment be imposed on Perea.  Both in its response brief and at the hearing, the United States represented to the Court that it is seeking a sentence of imprisonment for Perea, so that option for justification of release pending sentencing or appeal is foreclosed.  Perea filed a motion for a new trial on April 14, 2010.  The Court carefully reviewed Perea's arguments and, in a separate Memorandum Opinion and Order, the Court found that Perea was not entitled to a new trial pursuant to rule 33 of the Federal Rules of Criminal Procedure.  See Memorandum Opinion and Order, filed May 21, 2010 (Doc. 88).  Because the Court has denied

---

[6] At the initial appearance, Perea had the following exchange with Judge Svet:

JUDGE SVET: You appeared here on a summons?

MR. PEREA: Yes sir.

JUDGE SVET: That means the government wants you to go free pending your trial. I look at your criminal history and I could conclude, easily, that the violence in it could make you a danger to the community.

MR. PEREA: No sir, I'm not a violent person.

Recording of Hearing in Gila Courtroom at 9:43 a.m.- 9:51 a.m. (taken May 7, 2009).

his motion for a new trial and because the United States does not intend to recommend that no sentence of imprisonment be imposed on Perea, he cannot satisfy the requirements of § 3143 permitting his release pending sentencing or appeal.  The Court, therefore, denies Perea's motion.

**IT IS ORDERED** that the Motion for Order to Release Pending Sentence or Appeal is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Jack E. Burkhead
Shana B. Pennington
  Assistant United States Attorneys
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Stephen D. Aarons
Santa Fe, New Mexico

     *Attorney for the Defendant*