IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                         No. CR 09-1034 JB

LEROY PEREA,

  Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed June 22, 2010 (Doc. 90); (ii) the Defendant's Supplement to Sentencing Memorandum, filed June 24, 2010 (Doc. 91); and (iii) the Defendant's Response to Addendum to Presentence Report, filed June 25, 2010 (Doc. 93). The Court held a sentencing hearing on June 25, 2010. The primary issues are: (i) whether the Presentence Investigation Report ("PSR") correctly calculated Perea's base offense level; and (ii) whether the Court should grant a variance from the applicable sentencing guideline range of 12-18 months. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will overrule Perea's objection to the PSR. The Court will grant Perea a variance, but not to the degree that he requests. The Court will sentence Perea to 3 months in the custody of the Bureau of Prisons.

## PROCEDURAL HISTORY

On April 22, 2009, the grand jury issued an Indictment charging Perea with violating 18 U.S.C. § 111. See Indictment (Doc. 2). The Court held a jury trial on April 7, 2010 through April 9, 2010. On April 9, 2010, the jury returned with a verdict of guilty. See Verdict, filed

April 9, 2010 (Doc. 71).

On June 15, 2010, United States Probation Officer Chris Hill disclosed a Presentence Investigation Report ("PSR") to the Court and counsel. In paragraph 14 of the PSR, it states that both U.S.S.G. § 2A2.2 -- Aggravated Assault -- and U.S.S.G. § 2A2.4 -- Obstructing or Impeding Officers -- are the guidelines most appropriate for a conviction under 18 U.S.C. § 111. See PSR ¶ 14, at 7. Hill reasoned that aggravated assault was not the appropriate guideline application because Perea had no intent to cause bodily harm. Instead, Hill applied the Obstructing or Impeding guideline application. See PSR ¶ 14, at 7.

On June 22, 2010, Perea filed a Sentencing Memorandum objecting to the application of U.S.S.G. § 2A2.4 in paragraph 14 of the PSR. See Sentencing Memorandum at 1. Perea argues that § 2A2.4 incorporates the enhancement for official victim status, found in U.S.S.G. § 3A1.2, and that § 3A1.2 states that "the offense of conviction was motivated by such status." U.S.S.G. § 3A1.2(a)(2). Perea contends that, because he did not know that his victim -- Immigration and Customs Enforcement ("ICE") Special Agent Sonny Garcia -- was a federal officer, Garcia's status did not motivate Perea's actions. See Sentencing Memorandum at 2. Perea argues that the correct sentencing guideline to apply is U.S.S.G. § 2A2.3 -- Minor Assault. See Sentencing Memorandum at 2. Perea also moves the Court for a variance, because Garcia's status did not motivate Perea's actions and because his offense was "imperfect self defense and defense of another" and has been overstated. Sentencing Memorandum at 7. Perea further argues that he has no prior criminal record and that he is unlikely to repeat the offense for which he is convicted. See Sentencing Memorandum at 8-10. He also argues that Garcia's conduct may have precipitated Perea's conduct and should be considered in the Court's weighing of an appropriate sentence. See Sentencing Memorandum at 14.

The United States Probation Office ("USPO") disclosed an Addendum to the Presentence Report on June 23, 2010, maintaining that the guideline application in paragraph 14 of the PSR is correct, pursuant to U.S.S.G. § 1B1.2(a) and Appendix A. In response, Perea submitted his Supplement to Sentencing Memorandum, arguing that the addendum did not provide any analysis of why § 2A2.4 should be applied rather than § 2A2.3. See Supplement at 1. On June 24, 2010, Plaintiff United States of America submitted a response to Perea's sentencing memorandum and supplement. See United States' Response to Defendant's Sentencing Memorandum, filed June 24, 2010 (Doc. 92). The United States agrees with the calculations in paragraph 14 of the PSR, because it is clear from Appendix A of the guidelines that the United States Sentencing Commission intended § 2A2.2 and § 2A2.4 to apply to convictions arising under 18 U.S.C. § 111. Thus, because the evidence did not support that Perea brandished a weapon with intent to cause bodily injury, § 2A2.2 is inappropriate, § 2A2.4 is appropriate. See United States' Response at 1. The United States further argues that conspicuously absent from § 2A2.4 is any scienter requirement with respect to the official status of the victim, and Perea's argument that § 2A2.4 cannot apply because Perea does not meet the scienter requirement of § 3A1.2(a)(2) is an inappropriate application of the guidelines. See United States' Response at 2. With respect to Perea's argument in support of a variance, the United States argues that "nothing about the defendant's actions resemble self defense, imperfect or otherwise. Instead, his actions are consistent with a driver experiencing an acute case of road rage." United States' Response at 3. The United States further argues that Perea gives "short shrift" to his "troubled arrest history," which includes arrests for assault, driving while intoxicated, and disorderly conduct. United States' Response at 4. The United States contends that Perea's arrests show a sustained pattern of running afoul of the law and that a punishment within the advisory guideline range will provide adequate deterrence and protect the public. See United

-3-

States' Response at 4.

On June 25, 2010, Perea filed a Response to Addendum to Presentence Report, in which he reasserts the same arguments set forth in his Supplement to Sentencing Memorandum. He further argues:

> In viewing the intent of Congress in enacting 18 U.S.C. § 111, and in the Sentencing Commission in suggesting offense levels, ignorance of official status does not affect the jurisdiction of the federal court but it does rule out the enhanced penalties for crimes motivated in part by the victim's official status.

Response to Addendum to Presentence Report at 2-3.

At the sentencing hearing, Stephen Aarons, Perea's attorney, argued that Appendix A should not be the final arbiter and that the Court should apply a scienter requirement to § 2A2.4. See Transcript of Hearing at 14:24-15:10 (taken June 25, 2010)("Tr.")(Aarons).[1] Assistant United States Attorney Jack Burkhead argued that Appendix A reflects the intent of the Sentencing Commission and that the PSR correctly applies the guidelines. See Tr. at 17:20-18:6 (Burkhead).

## **ANALYSIS**

Perea objects to the application of U.S.S.G. § 2A2.4 in paragraph 14 of the PSR, which provides for a base offense level of 10, and argues that the Court should apply § 2A2.3, which provides a base offense level of 7 if a dangerous weapon is used. A base offense level of 7 with a criminal history category of I provides a guideline imprisonment range of 0-6 months. Because the Court finds that the USPO correctly applied the guidelines, the Court will overrule Perea's objection. Perea also moves for a variance to a time-served sentence. The Court will grant Perea a variance, but not to the degree that he seeks.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

**I.      THE PSR CORRECTLY APPLIED THE GUIDELINES.**

Perea was convicted for violating 18 U.S.C. § 111(b). The United States Sentencing Guidelines provide, in U.S.S.G. § 1B1.2, that to determine the offense guideline, one must refer to the Statutory Index -- Appendix A. See U.S.S.G. § 1B1.2(a)("Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction."); Appendix A Introduction ("This index specifies the offense guideline section(s) in Chapter Two (Offense Conduct) applicable to the statute of conviction."). It is clear that Appendix A of the Guidelines lists § 2A2.2 and § 2A2.4 as the two offense guideline sections applicable to 18 U.S.C. § 111. Appendix A instructs that, if more than one guideline section is referenced for a particular statute, the court should "use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. Appendix A. The USPO, the parties, and the Court agree that § 2A2.2 is not an appropriate guideline to apply to the facts of this case. That section defines an aggravated assault as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e. not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2 Application Note 1. Perea's offense involved the brandishing of a firearm to frighten and intimidate, but not with intent to cause bodily harm, and thus §2A2.2 is not appropriate. Thus, the USPO correctly applied § 2A2.4 for the guideline calculation of Perea's base offense level. See United States v. Jones, 254 Fed. Appx. 711, 725 (10th Cir. 2007)(affirming the sentence imposed by the trial court, which applied § 2A2.4 to the defendant's conviction under § 111(b)).

According to Appendix A, U.S.S.G. § 2A2.3 is not an offense guideline section applicable to 18 U.S.C. § 111. As the United States Court of Appeals for the Fourth Circuit stated in United States v. Hicks, 313 Fed. Appx. 674 (4th Cir. 2009)(per curiam):

> We find Hicks' alternative argument, that § 2A2.3 may be applicable, to be without merit. Under the guidelines, for convictions under 18 U.S.C. § 111, Hicks' offense of conviction, Appendix A directs the court to utilize either § 2A2.2 (Aggravated Assault) or § 2A2.4 (Obstructing or Impeding Officers). Hence, application of § 2A2.3, as Hicks argues, would have been inappropriate, as that section relates to assault statutes not at issue here.

313 Fed. Appx. at 675 n.3. See United States v. Williams, 260 Fed. Appx. 444, 446 n.5 (3d Cir. 2008)("[C]ontrary to what Williams suggests, § 2A2.3 is not an offense guideline section that can be applied in this case."). Perea argues that § 2A2.3 should apply because Perea's actions do not meet the scienter requirement for § 3A1.2, which applies an enhancement to an offense level for official victim status, and § 2A2.4 incorporates official victim status. The Court does not believe that the guidelines support Perea's argument that the scienter requirement in § 3A1.2 requires the application of a scienter requirement in § 2A2.4. The guideline application notes for § 2A2.4 state that the base offense level for § 2A2.4 "incorporates the fact that the victim was a governmental officer performing official duties" and instructs "do not apply § 3A1.2 (Official Victim) unless, pursuant to subsection (c), the offense level is determined under § 2A2.2 (Aggravated Assault)." U.S.S.G. § 2A2.4 application note 2. Section 2A2.4 contains no scienter requirement on the face of the guidelines, which is consistent with the Supreme Court's decision in United States v. Feola, 420 U.S. 671 (1975), holding that §111 does not require, as an element of the crime, that the defendant know that the victim of the assault was a federal officer. See 420 U.S. at 684. The Court finds that the guideline applications in the PSR are correctly calculated and therefore overrules Perea's objection to paragraph 14 of the PSR.

**II.     A VARIANCE IS APPROPRIATE.**

Perea also moves the Court for a variance, to a time-served sentence, because Garcia's status did not motivate Perea's actions and because his offense was "imperfect self defense and defense

of another," and has been overstated. Perea further argues that he has no prior criminal record and that he is unlikely to repeat the offense for which he is convicted. The United States opposes a variance and requests the Court to sentence Perea within the guideline range.

Perea's offense level is 13 and his criminal history category is I, establishing a guideline imprisonment range of 12 to 18 months. Perea forcibly assaulted or forcibly intimidated a federal officer with a weapon. Specifically, he brandished a firearm during a verbal confrontation with an ICE Special Agent. The Court has considered the sentencing guidelines and has also considered the factors set forth in 18 U.S.C. § 3553(a). The Court has taken into account sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the case, after sitting through the trial, and after considering the PSR, the sentencing memorandum and supplements, the United States' response, as well as the attachments presented to the Court, the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court believes a variance is appropriate in this case.

The Court has considered the factors in 18 U.S.C. § 3553(a). The first factor -- the seriousness of the offense -- is a difficult factor to evaluate in this case. It is serious to assault a federal officer, and the Court wants to ensure that it does not understate the severity of such an offense. At the same time, the Court believes that, given this case's facts, the victim's latent status as an undercover ICE agent could not have motivated Perea's actions. There is no evidence that he could have know that status at the time of the assault. This lack of knowledge mitigates the severity of the crime committed and counsels for a more appropriate sentence for the criminal conduct

involved than the guidelines suggest.[2]

While the Court does not want in any way to understate the severity of the offense for which Perea stands convicted, the Court also does not wish to overstate the severity of the crime. Perea crossed the line when he armed himself. While Perea characterizes what he did as imperfect self defense, it was very imperfect self defense. In this case, when the ICE agent cut Perea off while driving on the streets of Albuquerque, Perea did not ignore the action and move on. He decided to engage in a confrontation with the ICE agent and to brandish his firearm. Perea picked the wrong person with which to engage in a confrontation. Regardless of the ICE agent's driving, Perea should not have responded as he did. In the context of road rage, however, it appears to the Court that the guideline range of 12-18 months overstates the seriousness of this offense. There is no doubt in the Court's mind that the incident could have turned into a more serious situation. On the other hand, this incident did not turn into a more serious situation, and no one was injured in the confrontation. The Court believes it should take into account this lack of injury when balancing the § 3553(a) factors to fashion an appropriate sentence.

On the other hand, the Court does not believe that a time-served sentence is appropriate in this case. Perea's offense is serious, and an appropriate sentence should promote respect for the law. The Court does not want Perea to walk out of the courthouse a free man on the day of his sentencing, and get the false impression that the Court does not think what he did was serious. The Court also does not want the community to get such an impression. He has been in custody, as of his

---

[2] The Court does not suggest that simple assault is not a serious crime, but the heightened punishment Congress put in place for the crime of assaulting a federal officer implies that society considers assaulting an officer more severe than a simple assault. Perea's lack of knowledge of Garcia's status indicates to the Court that a sentence more commensurate with the less severe crime of simple assault may be appropriate.

sentencing, 78 days.  He needs to serve some more time in custody so as not to undercut the respect and deterrence factors.  Deterrence embodies both specific and general deterrence, and both are important considerations in this sentencing.

The Court believes, however, that a sentence that is closer to time served than to 12 months will provide a more just punishment in this case.  The Court finds it difficult in this situation to fashion a sentence that will afford adequate deterrence, as it seems that the offense arose out of Perea's struggle with anger management, and long incarceration is unlikely to deter a quick temper.  Looking at his arrest history, there is a pattern of incidents rising out of angry confrontations.  This time, Perea's short fuse cost him dearly.  The Court believes that Perea needs to deal with his anger problem, and how he reacts to situations when he is either provoked or confronted with aggression, but the Court does not believe more incarceration is the best way to address his problem.  The Court believes that education and training will better allow Perea to address his anger management, and thus the § 3553(a) factors counsel away from long incarceration.

The Court concludes that a sentence of 3 months is an appropriate sentence.  The Court believes a sentence of three months reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment for Perea's offense.  The Court also believes that it affords adequate deterrence, will protect the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  And while it is not the Court's task, as a district court, to come up with a reasonable sentence -- rather, it is the Court's job to come up with a sentence that balances the factors in § 3553(a) -- the Court thinks 3 months is a more reasonable sentence than one within the guideline range.  The Court also believes the sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.  The Court thus sentences Perea to 3 months in the custody of the Bureau of Prisons.

**IT IS ORDERED** that the objection in Perea's Sentencing Memorandum is overruled and his request for a variance is granted in part. Defendant Leroy Perea is sentenced to a term of 3 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Shana B. Pennington
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Stephen D. Aarons
Aarons Law Firm, P.C.
Santa Fe, New Mexico

*Attorney for the Defendant*