AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Leroy Perea** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR01034-001JB** |
| | USM Number: **48438051** |
| | Defense Attorney: **Stephen Aarons, Retained** |

THE DEFENDANT:

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)
☒ after a plea of not guilty was found guilty on count(s) **Indictment**

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 111 (a)(1) and (2) | Assaulting, Resisting, or Impeding Certain Officers or Employees | 06/20/2007 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| **Sandoval** | **June 25, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **July 8, 2010** |
| | Date Signed |

Defendant: **Leroy Perea**
Case Number: **1:09CR01034-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **3 months** .

**Perea`s offense level is 13 and his criminal history category is I, establishing a guideline imprisonment range of 12 to 18 months. Perea forcibly assaulted or forcibly intimidated a federal officer with a weapon. Specifically, he brandished a firearm during a verbal confrontation with an ICE Special Agent. The Court has considered the sentencing guidelines and has also considered the factors set forth in 18 U.S.C. § 3553(a). The Court has taken into account sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the case, after sitting through the trial, and after considering the PSR, the sentencing memorandum and supplements, the United States` response, as well as the attachments presented to the Court, the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court believes a variance is appropriate in this case.**

**The Court has considered the factors in 18 U.S.C. § 3553(a). The first factor -- the seriousness of the offense -- is a difficult factor to evaluate in this case. It is serious to assault a federal officer, and the Court wants to ensure that it does not understate the severity of such an offense. At the same time, the Court believes that, given this case`s facts, the victim`s latent status as an undercover ICE agent could not have motivated Perea`s actions. There is no evidence that he could have known that status at the time of the assault. This lack of knowledge mitigates the severity of the crime committed and counsels for a more appropriate sentence for the criminal conduct involved than the guidelines suggest.**

**While the Court does not want in any way to understate the severity of the offense for which Perea stands convicted, the Court also does not wish to overstate the severity of the crime. Perea crossed the line when he armed himself. While Perea characterizes what he did as imperfect self defense, it was very imperfect self defense. In this case, when the ICE agent cut Perea off while driving on the streets of Albuquerque, Perea did not ignore the action and move on. He decided to engage in a confrontation with the ICE agent and to brandish his firearm. Perea picked the wrong person with which to engage in a confrontation. Regardless of the ICE agent`s driving, Perea should not have responded as he did. In the context of road rage, however, it appears to the Court that the guideline range of 12-18 months overstates the seriousness of this offense. There is no doubt in the Court`s mind that the incident could have turned into a more serious situation. On the other hand, this incident did not turn into a more serious situation, and no one was injured in the confrontation. The Court believes it should take into account this lack of injury when balancing the § 3553(a) factors to fashion an appropriate sentence.**

**On the other hand, the Court does not believe that a time-served sentence is appropriate in this case. Perea`s offense is serious, and an appropriate sentence should promote respect for the law. The Court does not want Perea to walk out of the courthouse a free man on the day of his sentencing, and get the false impression that the Court does not think what he did was serious. The Court also does not want the community to get such an impression. He has been in custody, as of his sentencing, 78 days. He needs to serve some more time in custody so as not to undercut the respect and deterrence factors. Deterrence embodies both specific and general deterrence, and both are important considerations in this sentencing.**

**The Court believes, however, that a sentence that is closer to time served than to 12 months will provide a more just punishment in this case. The Court finds it difficult in this situation to fashion a sentence that will afford adequate deterrence, as it seems that the offense arose out of Perea`s struggle with anger management, and long incarceration is unlikely to deter a quick temper. Looking at his arrest history, there is a pattern of incidents rising out of angry confrontations. This time, Perea`s short fuse cost him dearly. The Court believes that Perea needs to deal with his anger problem, and how he reacts to situations when he is either provoked or confronted with aggression, but the Court does not believe more incarceration is the best way to address his problem. The Court believes that education and training will better allow Perea to address his anger management, and thus the § 3553(a) factors counsel away from long incarceration.**

**The Court concludes that a sentence of 3 months is an appropriate sentence. The Court believes a sentence of three months reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment for Perea`s offense. The Court also believes that it affords adequate deterrence, will protect the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while it is not the Court`s task, as a district court, to come up with a reasonable sentence -- rather, it is the Court`s job to come up with a sentence that balances the factors in § 3553(a) -- the Court thinks 3 months is a more reasonable sentence than one within the guideline range. The Court also believes the sentence is sufficient without being greater than necessary**

**to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act. The Court thus sentences Perea to 3 months in the custody of the Bureau of Prisons.**

- ☐ The court makes these recommendations to the Bureau of Prisons:


- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant must surrender to the United States Marshal for this district:
    - ☐ at  on
    - ☐ as notified by the United States Marshal.
- ☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    - ☐ before 2 p.m. on
    - ☐ as notified by the United States Marshal
    - ☐ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:



Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **Leroy Perea**
Case Number: **1:09CR01034-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Leroy Perea**
Case Number: **1:09CR01034-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant will have no contact with the victim at anytime.**

**The Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

Defendant: **Leroy Perea**
Case Number: **1:09CR01034-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or
B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.